IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK SEISER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>KENNETH BERRIS, OFFICER DAVE KUMIEGA, OFFICER GRECO # 6254, OFFICER MC KENNA #11711, and the CITY OF CHICAGO,<br><br>　　Defendants. | No.<br><br>FILED: JULY 18, 2008<br>08 cv 4100<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE DENLOW<br>JH |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit KENNETH BERRIS, OFFICER DAVE KUMIEGA, OFFICER GRECO # 6254, OFFICER MC KENNA #11711, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.　The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.　PLAINTIFF is a resident of the State of Illinois and of the United States.

3.　KENNETH BERRIS is a former Chicago Police Officer.

1

4. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

5. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

6. On or about July 20, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

7. On or about July 20, 2007 in the vicinity of 7435 W. Howard St., Chicago, Illinois, at approximately 1:30 p.m. some or all of the DEFENDANT OFFICERS, arrested and charged the PLAINTIFF with Simple Assault not withstanding the fact that on July 20, 2007 the PLAINTIFF had not committed Simple Assault.

8. Specifically, KENNETH BERRIS and Defendant OFFICER DAVE KUMIEGA falsely alleged that PLAINTIFF stated, "I HAVE HAD ENOUGH, IM GONNA KILL YOU AND SLASH YOUR TIRES" to Defendant KENNETH BERRIS.

9. On or about July 20, 2007 PLAINTIFF did not state "I HAVE HAD ENOUGH, I'M GONNA KILL YOU AND SLASH YOUR TIRES" to Defendant KENNETH BERRIS.

10. This conduct is part of an on going pattern of harassment by Defendant KENNETH BERRIS against PLAINTIFF.

11. DEFENDANT OFFICERS' and KENNETH BERRIS' conduct was performed with the intent to, inter alia, cause PLAINTIFF emotional harm and distress.

12. As a result of the conduct of the DEFENDANT OFFICERS and KENNETH BERRIS, PLAINTIFF suffered physical and emotional harm and suffered emotional harm. This harm occurred at the time of the ncident and continues to the present.

13. The above harassment has occurred from the time Defendant KENNETH BERRIS was employed as a Chicago Police Officer to the present.

14. This conduct violated the Fourth Amendment to the United States Constitution.

15. This conduct was extreme and outrageous.

16. On or about July 20, 2007, PLAINTIFF did not perform any act contrary to the laws of the State of Illinois.

17. On or about July 20, 2007, none of the DEFENDANT OFFICERS had probable cause to believe that PLAINTIFF had or was about to perform any act contrary to the laws of the State of Illinois.

18. On or about July 20, 2007, neither the DEFENDANT OFFICERS nor Defendant KENNETH BERRIS had the actual belief that PLAINTIFF had performed, or was about to perform, any act contrary to the laws of the State of Illinois.

19. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.

20. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

21. On or about July 20, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

22. On or about July 20, 2007 the DEFENDANT OFFICERS acted in concert with and in conspiracy with Defendant KENNETH BERRIS due to his status as a former Chicago Police officer.

23. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

24. This action is being brought with regard to the individual capacity of the Defendant KENNETH BERRIS.

## CONSPIRACY

25. Some or all of the DEFENDANT OFFICERS along with KENNETH BERRIS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   b. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

   c. generating false documentation to cover-up for their own and each other's misconduct; and

   d. intentionally causing PLAINTIFF emotional distress.

26. In connection with the above conspiracy, the DEFENDANT OFFICERS along with Defendant KENNETH BERRIS specifically engaged in communication on or about July 20, 2007, whereby the DEFENDANT OFFICERS along with KENNETH BERRIS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations

4

immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS along with KENNETH BERRIS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## EQUAL PROTECTION

27. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

28. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or documentation created against them.

### SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
*(ALTERNATIVE PLEADING)*

29. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

30. On at least 20 occasions prior to July 20, 2007 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

5

31. On at least 20 occasions prior to July 20, 2007 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

32. The DEFENDANT OFFICERS, each of them, have been trained, prior to July 20, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

33. OFFICER DAVE KUMIEGA, on at least 20 occasions prior to and/or after July 20, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

34. OFFICER DAVE KUMIEGA, on at least 20 occasions prior to and/or after July 20, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

35. On July 20, 2007 there was no reasonable reason for OFFICER DAVE KUMIEGA to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

36. OFFICER GRECO # 6254, on at least 20 occasions prior to and/or after July 20, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

37. OFFICER GRECO # 6254, on at least 20 occasions prior to and/or after July 20, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

38. On July 20, 2007 there was no reasonable reason for OFFICER GRECO # 6254 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

6

39. OFFICER MC KENNA #11711, on at least 20 occasions prior to and/or after July 20, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

40. OFFICER MC KENNA #11711, on at least 20 occasions prior to and/or after July 20, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

41. On July 20, 2007 there was no reasonable reason for OFFICER MC KENNA #11711 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

### COUNT I
### §1983 False Arrest

42. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

43. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

44. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT II
### False Arrest –State Claim

45. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

46.  The DEFENDANT OFFICERS along with KENNETH BERRIS arrested or caused the arrest of PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

47.  The aforementioned actions of the DEFENDANT OFFICERS and KENNETH BERRIS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### Intentional Infliction of Emotional Distress – State Claim

48.  PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

49.  KENNETH BERRIS caused the arrested PLAINTIFF without the belief that PLAINTIFF committed criminal activity for the purpose of, *inter alia*, causing emotional distress.

50.  As a result of the conduct of the KENNETH BERRIS, PLAINTIFF suffered emotional distress.

51.  The conduct of the KENNETH BERRIS was in violation of the laws of the State of Illinois.

52.  The aforementioned actions KENNETH BERRIS was the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from KENNETH BERRIS. PLAINTIFF also demands punitive damages and costs against KENNETH BERRIS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
**Malicious Prosecution - State Claim**

53. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

54. The DEFENDANT OFFICERS and KENNETH BERRIS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

55. The DEFENDANT OFFICERS and KENNETH BERRIS engaged in this effort without probable cause.

56. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

57. The underlying criminal charges were resolved in a manner indicative of innocence.

58. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
**§ 1983 Conspiracy Claim**

59. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

60. The aforementioned actions of the DEFENDANT OFFICERS along with KENNETH BERRIS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERSand KENNETH BERRIS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

61. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

62. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and KENNETH BERRIS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Equal Protection – Class of One

63. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

64. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

65. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

66. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

67.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

68.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

69.     PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

70.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

71.     Plaintiff demands trial by jury.

11

                         Respectfully submitted,


                         s/ Blake Horwitz_____
                         Attorney for the Plaintiff
                         Blake Horwitz


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

12